ROBERTSON, Justice:
H. B. Carter and other property owners filed a petition to dissolve the recently created Chuquatonchee Consolidated Drainage District in the Chancery Court of the First Judicial District of Chickasaw County. A general demurrer was filed by the district. After hearing argument thereon, the court sustained the demurrer, and the petitioners appeal from that decision of the chancery court.
The petition to dissolve stated that it was brought under the provisions of Section 4733 Mississippi Code 1942 Annotated (1956). Section 4733 provides:
“Any drainage district operating under the provisions of any law of the State of Mississippi, which has no unmatured bonded indebtedness, and has constructed no levees, canals, or other drainage improvements, may be dissolved by the chancery court of the county in which said district was organized, or by the chancellor of such court in vacation in the manner hereinafter provided, but the proceedings for its dissolution shall not be commenced within three years after the date of the organization of such district.” (Emphasis added).
The Chuquatonchee Consolidated Drainage District was first organized on September 18, 1958, in accordance with the provisions of Chapter 458, General Laws of Mississippi of 1958 [§ 4752-01 Miss. Code 1942 Ann. (Supp. 1966)]. Due and legal notice was published of the proposed consolidation of three drainage districts, and, no objections having been filed, the decree of September 18, 1958, was entered, which decree recited:
“That the three several units constructed by the three different drainage districts form one continuous drainage canal * * * that said canal provides a combined drainage system for the land forming the three said districts; that in the interest of providing a unified drainage system for the land incorporated in the three said drainage districts, the territory of said districts should be combined into one consolidated drainage district;
******
“That the standard of efficiency of the integrated and connected system of drainage improvements, as comprised by the combined systems of main and lateral canals, ditches and drains of all of said districts, will be enhanced, the best interest of the inhabitants, land owners and other persons interested in the territory of said drainage districts will be served, *32 economy and efficiency in the management, maintenance and government thereof will be promoted and the reclamation and draining of the swampy and overflowed lands of said combined territory will be better accomplished by the consolidation of the territory of said districts so as to form a single consolidated drainage district embracing the territory and drainage systems of all of said drainage districts under a single Board of Commissioners as provided in said House Bill No. 1013;
* * * * * *
“It is therefore ordered, adjudged and decreed, that said Chuquatonchee Drainage District No. 1, North Chuquatonchee Swampland Drainage District and Chu-quatonchee Drainage District No. 3 are hereby combined and consolidated into a single consolidated drainage district, consisting of all of the territory of all of said districts, the said consolidated drainage district to be known as Chuquatonchee Consolidated Drainage District and shall embrace the combined territory of all of said several districts and have all of the power and authority of a drainage district organized an'd existing under the provisions of Chapter 195, Laws of Mississippi of 1912, as amended by Chapter 269, Laws of Mississippi of 1914, and laws amendatory thereof and supplemental thereto, being now Article 2, Chapter 7, Title 19 of the Mississippi Code of 1942, and shall have full, complete and exclusive jurisdiction of such combined territory and of the complete and integrated system of drainage of said districts so consolidated.” (Emphasis added).
In accordance with Section 4676 Mississippi Code 1942 Annotated (Supp. 1966), a comprehensive report and work plan were submitted to the temporary commissioners of the consolidated drainage district, and after a hearing on May 4, 1965, the chancery court entered its decree finding and adjudicating:
“1. That notice as prescribed by law and decree of this Court was legally given to persons owning or having an interest in land in Chuquatonchee Consolidated Drainage District of the time, place and purpose of the hearing of protests, if any, as to such Report, plans and specifications, that the time for filing any protests has passed and that no protests have been filed or made as to such Report, plans and specifications in this Clause, in writing or otherwise;

“2. That Chuquatonchee Consolidated Drainage District be and the same is hereby finally and permanently created, formed, established and organized, and that the plans and specifications filed in this cause as the work plans of such District, be and the same are hereby approved;

“3. That Chuquatonchee Consolidated Drainage District and the Commissioners thereof, be and they are hereby authorized and empowered to do all things necessary and authorized by law to be done by such a District and its governing body, including but not being limited to enumeration, to do all things necessary, required and lawful, to plan and carry out or to cause the carrying out and execution of plans for works of improvement with such Federal Agency or Agencies as may be involved under the provisions of Public Law 566, Eighty-third Congress, and any amendments thereto, and, including those authorized and provided for by applicable laws and state statutes, including the additional powers granted by Sections 4606.1 and 4606.7, both inclusive, of the Mississippi Code of 1942, annotated, and all amendments thereto. That Chuquatonchee Consolidated Drainage District be and it is permanently established as a body-politic and a legal entity and as a political subdivision of the State of Mississippi;
“4. That henceforth Chuquatonchee Consolidated Drainage District shall have the power to contract and be contracted *33 with, to sue and be sued, to plead and to be impleaded, and to do and perform in the name of such District all of such acts and things for the accomplishment of the purpose for which it was organized.” (Emphasis added).
The appellants pose this question as being the only one involved:
“Would the fact that the three original drainage districts had made improvements prior to their consolidation prevent the dissolution of the consolidated district?”
We answer this question in the affirmative, as did the chancery court.
One of the indispensable statutory requirements, for the drainage district applying for consolidation with others, is that it be the district:
‘‘Which supplies an outlet for the water of one or more drainage districts through zohich there runs a continuous drainage canal shared by said districts and providing a combined drainage system for said districts.” § 4752-01 Miss.Code 1942 Ann. (Supp. 1966). (Emphasis added).
A prior constructed drainage canal in each constituent district being a statutory condition precedent to consolidation, it follows logically that such prior constructed drainage canal becomes an asset of the consolidated district. Having been part and parcel of its birth, it certainly becomes part and parcel of the continuing life of the consolidated district.
The chancellor found that the standard of efficiency of the integrated and connected system of drainage improvements would be enhanced, the best interests of the property owners served, economy and efficiency in the management, maintenance, and government of the three districts promoted, the reclamation and drainage of the swampy and overflowed lands of said three districts better accomplished by the consolidation of the territory of said districts so as to form a single consolidated district.
We think that the Legislature intended for a consolidated drainage district to take over, repair, and improve the antequated, deteriorated, and inadequate drainage canals of its constituent drainage districts, and to convert such canals into an integrated and efficient drainage system.
It follows, therefore, that the Chuquatonchee Consolidated Drainage District would not be subject to dissolution under the provisions of Section 4733 Mississippi Code 1942 Annotated (1956). The judgment of the lower court, in sustaining the general demurrer to the petition to dissolve is, therefore, affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, JJ., concur.